In the

# United States Court of Appeals

### For the Seventh Circuit

No. 19-3342

ISABELLA NARTEY,

*Plaintiff-Appellant*,

v.

FRANCISCAN HEALTH HOSPITAL,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:18-cv-5327 — **Sharon Johnson Coleman**, *Judge*.

SUBMITTED MAY 24, 2021[*] — DECIDED JUNE 28, 2021

Before HAMILTON, SCUDDER, and KIRSCH, *Circuit Judges*.

PER CURIAM. In August 2016 Millicent Nartey was admitted to a hospital where she suffered a stroke and eventually passed away. Her daughter, Isabella Nartey, sued the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Case: 1:18-cv-05327 Document #: 92 Filed: 09/20/21 Page 2 of 10 PageID #:755
Case: 19-3342      Document: 00713880157      Filed: 09/20/2021      Pages: 10

2                                                                  No. 19-3342

hospital, alleging that its treatment did not comply with federal and state law. The district court dismissed the complaint but allowed Nartey 30 days to file an amended one. Nartey missed the deadline, leading the district court to enter judgment against her. Nartey failed to file a formal notice of appeal within the initial time limit prescribed by Federal Rule of Appellate Procedure 4, causing us to question our jurisdiction to hear this appeal. But we can still reach the merits of Nartey's arguments because she gave sufficient notice of her intent to appeal in other timely post-judgment filings. In the end, though, we agree with the district court that Nartey failed to state a claim, and so we affirm the dismissal of her complaint.

I

A

During the afternoon of August 3, 2016, paramedics rushed Millicent Nartey to the hospital after she complained of being unable to support her weight. She arrived at Franciscan Health Olympia Fields, a designated acute-stroke-ready hospital, with her husband and children, including her daughter Isabella Nartey. Finding Millicent at risk of a stroke, the hospital transferred her to its intensive care unit.

Three days later, Millicent suffered a stroke. Her condition deteriorated quickly, and she was put on life support. Over the next few days, the family expressed concern about the adequacy of care at Franciscan and sought to transfer Millicent to another facility. Franciscan assisted in submitting the transfer paperwork to two other hospitals. But both declined the requests for insurance reasons. On August 17, while a third transfer request was pending, Franciscan advised the family

No. 19-3342 3

that Millicent was brain dead and that the hospital had decided to stop treatment and cancel the outstanding transfer request.

Nearly two years later, Nartey reviewed her mother's medical records from Franciscan. She claimed the records lacked the transfer paperwork and some test results, including an MRI and CT scan. On August 3, 2018, Nartey, acting *pro se*, sued the hospital alleging numerous claims under state and federal law.

The district court grouped Nartey's 25-count amended complaint into three overarching claims. First, Nartey alleged that Franciscan violated the federal Emergency Medical Treatment and Active Labor Act (often shorthanded as EMTALA) by failing to provide adequate care to her mother, or alternatively to transfer her to another hospital. See 42 U.S.C. § 1395dd. Second, Nartey contended that Franciscan violated Title VI of the Civil Rights Act, which prohibits federally funded programs from discriminating on the basis of race, color, or national origin. See 42 U.S.C. § 2000d. Third, Nartey alleged that Franciscan fraudulently concealed test results, preventing Nartey from timely bringing a medical malpractice claim.

B

The district court granted Franciscan's motion to dismiss each of Nartey's claims. The court determined that Nartey's own factual allegations, even if accepted as true, did not establish a violation of the EMTALA. Nor, the district court added, did the complaint assert anything more than conclusory allegations of discrimination. The district court also determined that Nartey's fraudulent concealment claim rooted

Case: 1:18-cv-05327 Document #: 92 Filed: 09/20/21 Page 4 of 10 PageID #:757
Case: 19-3342    Document: 00713880157    Filed: 09/20/2021    Pages: 10

4                                                              No. 19-3342

itself in allegations of medical malpractice. But because Nartey failed to adhere to an Illinois law that requires a plaintiff to support medical malpractice claims with an affidavit affirming consultation with a medical expert, the district court dismissed the claim. See 735 ILCS 5/2-622(a). In dismissing Nartey's complaint, the district court afforded her 30 days to file a second amended complaint.

On the last day to do so, Nartey sought permission to add new parties, but failed not only to attach a proposed amended pleading naming them, but also to file a notice of presentment as required by Local Rule 5.3(b). The district court denied Nartey's motion for these procedural failings and entered final judgment against her.

Nartey's ensuing post-judgment filings were not a model of clarity, but for now we need note only that after denying her Rule 59(e) and 60(b) motions, the district court granted Nartey an extension of time within which to appeal, a deadline that she complied with.

## II

Before turning to the merits of the appeal, we pause (as we must) to address our appellate jurisdiction. The question arises against the backdrop of the extension of time to appeal afforded by the district court.

Most civil litigants have 30 days from the entry of judgment to file a notice of appeal in district court. See 28 U.S.C. § 2107(a); FED. R. APP. P. 4(a)(1)(A). This period is automatically extended for another 30 days upon the timely filing of a first post-judgment motion under certain rules, including Federal Rule of Civil Procedure 59(e). See FED. R. APP. P. 4(a)(4)(A)(iv)–(v). We know from *Bowles v. Russell* that the

No. 19-3342 5

"timely filing of a notice of appeal in a civil case is a jurisdictional requirement." 551 U.S. 205, 214 (2007).

After the district court entered a final judgment dismissing Nartey's complaint on August 29, 2019, she filed a timely Rule 59(e) motion on September 7. The district court denied that motion on September 13, leaving Nartey until October 14 to appeal both the final judgment and the denial of her Rule 59(e) motion.

On September 25, Nartey filed a second post-judgment motion, this time under Rule 60(b). But because Nartey's Rule 59(e) motion had already extended her appellate deadline, the Rule 60(b) motion did not provide another automatic extension. See *Armstrong v. Louden*, 834 F.3d 767, 769 (7th Cir. 2016) ("Successive post-judgment motions do not allow an effective extension of the time to appeal."). What this means here is that the deadline for Nartey to appeal the district court's final judgment remained October 14.

On November 7, Nartey requested more time to appeal, explaining that she remained in the process of trying to retain new counsel and was unfamiliar with the rules setting the time to appeal. This motion was timely under Rule 4(a)(5)(A)(i), which allows a party to seek such an extension "no later than 30 days after the time prescribed by this Rule 4(a) expires." Again, the Rule 4(a) deadline here, was October 14, less than 30 days prior to this November 7 filing. Out of "an abundance of caution"—presumably, regarding whether an extension was needed—the district court granted a 14-day extension to November 22. Nartey filed her notice of appeal on the last day of the extension, November 22. But whether the grant of the extension itself was correct, gives us pause.

We review a district court's decision to extend the time to appeal for an abuse of discretion. See *Mayle v. Illinois*, 956 F.3d 966, 968 (7th Cir. 2020). A district court may exercise its discretion to extend the appellate deadline only upon a litigant's motion demonstrating good cause or excusable neglect. See 28 U.S.C. § 2107(c); see also FED. R. APP. P. 4(a)(5)(A)(ii). The district court found that Nartey's need for more time as she sought to retain new counsel amounted to good cause.

We acknowledge that our case law in this area is messy. Compare *Mayle*, 956 F.3d 966, with *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chicago*, 926 F.3d 427 (7th Cir. 2019). But two broader and interrelated observations seem unobjectionable. First, district courts enjoy wide latitude in determining whether a litigant's explanation for missing a deadline amounts to "good cause" or "excusable neglect." See, *e.g.*, *Mayle*, 956 F.3d at 969 ("The district judge would not have abused his discretion if he had denied the extension, but he also did not abuse his discretion by granting it."). Second, as a court of review, our role is not to micromanage district court exercises of discretion in this area. See *Nestorovic*, 926 F.3d at 431–32 (explaining that we will only find an abuse of discretion "when the record contains no evidence on which [the district court] could have rationally based its decision or when the decision rests on an erroneous view of the law"). We are sure to see future appeals presenting hard questions at the outer bounds of what constitutes good cause or excusable neglect.

But today's case does not require any such difficult line-drawing because Nartey's post-judgment statements and filings in the district court provided enough notice of her intent to appeal to satisfy our jurisdictional inquiry.

Case: 1:18-cv-05327 Document #: 92 Filed: 09/20/21 Page 7 of 10 PageID #:760
Case: 19-3342      Document: 00713880157      Filed: 09/20/2021      Pages: 10

No. 19-3342 7

Conduct that evinces a litigant's intent to appeal, including other motions filed within the allotted time for an appeal, can serve as proper notice. *Owens v. Godinez*, 860 F.3d 434, 437 (7th Cir. 2017). Nartey signaled her ultimate wish to appeal multiple times, including in statements she made in open court where she clearly expressed her intention to appeal and her desire that her case remain closed. So, too, in her Rule 60(b) motion filed on September 25, 2019 did Nartey say that she "understands she has 30-days from this Honorable Court's September 13, 2019, order *to appeal any part of final judgment*." The motion also requested relief from the denial of her Rule 59(e) motion, signaling her intent to appeal that ruling in addition to the final judgment. In these circumstances, and mindful of Nartey's status as a *pro se* litigant, that was enough—her appeal was timely.

We also have jurisdiction to review the district court's denial of Nartey's Rule 60(b) motion. Nartey's November 7 request for an extension to file her appeal signaled a specific intent to appeal the court's denial of the Rule 60(b) motion and was filed within 30 days of the district court's judgment dismissing her Rule 60(b) motion. This amounts to adequate notice under *Owens* and allows us to hear Nartey's appeal of this judgment as well.

### III

Turning to the appeal's merits, we follow the district court's grouping of the claims. Beginning with the EMTALA claims, we agree that the operative complaint alleges no facts that would establish a violation of the statute. To the contrary, the complaint acknowledges that Franciscan met the Act's screening requirement by examining Nartey's mother and determining an emergency condition existed. See 42 U.S.C.

§ 1395dd(a). At that point, the Act required that Franciscan either provide further treatment or transfer Nartey's mother in accordance with certain parameters. See *Id.* § 1395dd(b)(1). Franciscan met its obligation by choosing the former—admitting Nartey's mother into the ICU. 42 C.F.R. § 489.24(d)(2)(i). Indeed, the Act discourages transferring patients instead of providing treatment. See § 1395dd(b)(1)(A)–(B); see also *Beller v. Health & Hosp. Corp. of Marion Cnty., Ind.*, 703 F.3d 388, 390 (7th Cir. 2012).

Nartey is dissatisfied with the quality and scope of the treatment her mother received at Franciscan, but the EMTALA is not a malpractice statute covering treatment after an emergency patient is screened and admitted. We therefore join the chorus of circuits that have concluded the EMTALA cannot be used to challenge the quality of medical care. See, *e.g.*, *Smith v. Crisp Reg'l Hosp., Inc.*, 985 F.3d 1306, 1308 (11th Cir. 2021); *Williams v. Dimensions Health Corp.*, 952 F.3d 531, 538 (4th Cir. 2020); *Torretti v. Main Line Hosps., Inc.*, 580 F.3d 168, 173 (3d Cir. 2009); *Hunt ex rel. Hunt v. Lincoln Cnty. Mem'l Hosp.*, 317 F.3d 891, 894 (8th Cir. 2003); *St. Anthony Hosp. v. U.S. Dep't of Health & Hum. Servs.*, 309 F.3d 680, 694 (10th Cir. 2002); *Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1166 (9th Cir. 2002); *Hardy v. N.Y. City Health & Hosp. Corp.*, 164 F.3d 789, 792–93 (2d Cir. 1999).

Nor did Franciscan's inability to transfer Nartey's mother violate Title VI. While Nartey presents some statistical evidence that hospital transfers are less common among racial minorities, her own complaint establishes that Franciscan was not responsible for Millicent remaining there. Franciscan assisted Nartey in requesting transfers, but the receiving hospitals denied those requests. And even if state law were relevant

to an alleged Title VI violation, Nartey is mistaken that Illinois law required Franciscan to transfer Millicent to a specialized facility. As with the EMTALA, Illinois law provides hospitals with the option of admitting the patient for appropriate care *or* transferring the patient to another facility. See 210 ILCS 50/3.117(b)(3)(B), (b)(3)(H).

Finally, the district court properly dismissed Nartey's fraud claims for failing to allege the necessary elements of fraudulent concealment. To be sure, the district court erred in dismissing Nartey's claims for failing to attach an affidavit from a medical professional as required under Illinois medical malpractice law. See 735 ILCS 5/2-622(a)(1); see also *McDonald v. Lipov*, 13 N.E.3d 179, 186 (Ill. App. Ct. 2014). We have instructed district courts not to dismiss a complaint at the pleading stage for failing to attach a 5/2-622 affidavit. See *Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019). More to it, this is not the type of case in which the requirement would apply: Nartey sought damages for the concealment of test results, not for medical malpractice.

But the district court also dismissed these counts in Nartey's complaint because they did not state a fraudulent concealment claim. We agree. Fraudulent concealment occurs when a defendant intentionally induces a false belief through the concealment of a material fact while under a duty to speak. See *Abazari v. Rosalind Franklin Univ. of Med. & Sci.*, 40 N.E.3d 264, 274 (Ill. App. Ct. 2015). For the concealment to be fraudulent, it must not be discoverable through a reasonable inquiry. See *id.* Nartey alleged that Franciscan intended to hide certain test results by omitting them from her mother's records so that she could not uncover alleged malpractice. But her pleadings also established that she knew to look for

Case: 1:18-cv-05327 Document #: 92 Filed: 09/20/21 Page 10 of 10 PageID #:763
Case: 19-3342     Document: 00713880157     Filed: 09/20/2021     Pages: 10

10                                                          No. 19-3342

certain test results in her mother's records because the doctors who ran the tests told her about them. In short, a reasonable inquiry would have discovered the alleged concealment.

Nartey also challenges the district court's refusal to allow her to again amend her complaint before or after it entered judgment. She passes over the fact that the district court dismissed her "corrected" amended complaint (her third pleading) without prejudice, allowing 30 days to file another amended complaint. It entered judgment only after she failed to timely amend, to explain why she could not comply with the deadline or to comply with local rules regarding the presentment of motions. Such efforts at accommodation do not show that the district court abused its discretion by denying the motion. See *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020).

We have considered Nartey's other arguments and determined they lack merit.

AFFIRMED

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit